BM:mkm

STATE OF ILLINOIS     )
                       )    S.S.
COUNTY OF C O O K    )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| NINEVA OGLESBY,                ) | |
|                             ) | |
|             Plaintiff,       ) | |
|                             ) | |
| v.                           )    No. | |
|                             ) | |
| SSC WESTCHESTER OPERATING   ) | |
| COMPANY, LLC d/b/a WESTCHESTER   ) | |
| HEALTH AND REHAB CENTER,      ) | |
|                             ) | |
|            Defendant.      ) | |

**COMPLAINT**

**<u>Nursing Home Care Act</u>**

NOW COMES the plaintiff, NINEVA OGLESBY, by and through her attorneys, HOFELD AND SCHAFFNER, and complaining of the defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH AND REHAB CENTER, a limited liability company, states as follows:

1.     That at all times relevant, defendant SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH AND REHAB CENTER (hereinafter "WESTCHESTER"), was a limited liability company, authorized to do business in the State of Illinois.

2.     That at all times relevant defendant WESTCHESTER, owned, operated, managed and maintained, by and through its duly authorized agents and employees, a certain long term nursing care facility located at 2901 Wolf Road, Westchester, Cook County, Illinois, known as

1

Westchester Health and Rehab Center, wherein it supplied medical, nursing and other healthcare to its residents.

      3.      That at all times relevant, there was in full force and effect, a statute known as the Nursing Home Care Act, as amended (the "Act"), 210 ILCS 45/1-101, et seq.

      4.      That at all times relevant, defendant WESTCHESTER was a "facility" as defined by 45/1-113 of Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

      5.      That at all times relevant, defendant WESTCHESTER was defined as a "nursing facility" and was subject to the requirements of 42 U.S.C. Sec. 1396 (1990) et seq, as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and Volume 42, Code of Federal Regulations, Part 483, setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS")

      6.      That from May 25, 2005, through October 23, 2011, plaintiff NINEVA OGLESBY was a resident of defendant WESTCHESTER's Westchester Health and Rehab Center, wherein she received medical, nursing and other healthcare from defendant WESTCHESTER's duly authorized agents and employees.

      7.      That all times relevant during her admission to defendant WESTCHESTER, plaintiff NINEVA OGLESBY was dependent upon staff at the facility for her well-being, including but not limited to, activities of daily living, hygiene, nutrition, and therapies.

      8.      That at all times relevant during her admission, plaintiff NINEVA OGLESBY was at risk for falls, fractures, decubitus and other injuries, and defendant WESTCHESTER knew or should have known this.

9.     That during her admission, plaintiff NINEVA OGLESBY developed decubitus ulcers.

10.    That during her admission, plaintiff NINEVA OGLESBY sustained fractures.

11.    That on October 23, 2011, plaintiff NINEVA OGLESBY was left unattended up in a chair and she fell suffering head and other injuries.

13.    That under Section 2-107 of the Nursing Home Care Act, (210 ILCS 45/2-107), it was the duty of an owner, licensee, administrator, employee, or agent of a nursing home not to abuse or neglect a resident of a nursing home, such as plaintiff NINEVA OGLESBY.

14.    That under Section 1-117 of the Act, "neglect" means failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition.

15.    That under Section 1-103 of the Act, "abuse" means any physical or mental injury or sexual assault inflicted on a resident other than by accidental means in a facility.

16.    That under Section 3-601 of the Act, defendant WESTCHESTER, as licenses, is liable to plaintiff for any intentional abuse or negligent act or omission of its agents or employees which injured plaintiff NINEVA OGLESBY, a resident.

17.    That pursuant to Section 483.25 of the OBRA Regulations, defendant WESTCHESTER, through its officers, employees, agents and staff had a duty to provide each resident with the necessary care and services to attain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment and plan of care of resident NINEVA OGLESBY.

3

18.     That during the period of plaintiff's decedent's residency at WESTCHESTER, defendant, by its agents and employees, breached its duty and was negligent by the following acts or omissions:

a.     In violation of 77 Ill. Admin. Code, Ch. I, section 300.1210(a), failed to provide adequate and properly supervised care to meet NINEVA OGLESBY's total nursing and personal care needs;

b.     In violation of 77 Ill. Admin. Code, Ch. I, section 300.1210 (c)(6), failed to institute a regular program for NINEVA OGLESBY to prevent and treat decubitus ulcers;

c.     In violation of Section 483.25(c) of the OBRA Regulations, failed to provide necessary treatment and services to plaintiff NINEVA OGLESBY to prevent decubitus ulcers and infection, to promote healing and prevention of new decubitus ulcers;

d.     In violation of 77 Ill Admin. Code, Ch. I, sections 300.3240, failed to protect NINEVA OGLESBY from abuse and neglect;

e.     Failed to appropriately develop a care plan to address NINEVA OGLESBY's risk for developing decubitus ulcers;

f.     Failed to appropriately develop a care plan to address and prevent fractures in plaintiff NINEVA OGLESBY;

g.     Failed to safely and adequately control plaintiff NINEVA OGLESBY in order to prevent a fall;

k.     Failed to safely and adequately monitor plaintiff NINEVA OGLESBY while she was up in a chair;

l.     Failed to adequately communicate with plaintiff's family and with and among plaintiff's healthcare providers relative to plaintiff's condition of ill-being;

m.     Were otherwise careless, negligent and abusive to plaintiff NINEVA OGLESBY.

20.     That as a direct and proximate result of one or more of the defendant's statutory violations and negligent acts and/or omissions, plaintiff NINEVA OGLESBY sustained injuries including but not limited to a deterioration of her physical and mental conditions, a loss of dignity and respect, decubitus ulcers, fractures and head injuries, all of which caused or

4

contributed to cause pain, suffering, disability, disfigurement and loss of normal life, among other permanent pecuniary injuries.

21.     That pursuant to 210 ILCS 45/3-602 of the Nursing Home Care Act, the licensee, WESTCHESTER, shall be responsible for costs and attorney's fees to a facility resident whose rights, as specified in part 1 of the Article 2 of this Act, are violated (210 ILCS 45/3-602).

WHEREFORE, plaintiff NINEVA OGLESBY demands judgment against defendant SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH AND REHAB CENTER, a limited liability company, in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

RESPECTFULLY SUBMITTED,

By: _____
Attorneys for Plaintiff

Brian Murphy, Esq.
HOFELD AND SCHAFFNER
30 N. LaSalle Street
Suite 3120
Chicago, IL 60602
(312) 372-4250

5

| | | |
|---|---|---|
| 2120 – Served | 2121 - Served | |
| 2220 – Not Served | 2221 – Not Served |  |
| 2320 – Served by Mail | 2321 – Served By Mail | |
| 2420 – Served by Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS SUMMONS | (Rev. ___ . ___ . ___ .) |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| NINEVA OGLESBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2012 L 005774 |
| | ) | |
| SSC WESTCHESTER OPERATING | ) | Please Serve: |
| COMPANY, LLC d/b/a WESTCHESTER | ) | **Please See Reverse Side** |
| HEALTH AND REHAB CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, and pay the required fee, in the office of the Clerk of this Court at the following location: Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**MAY 29 2012**

WITNESS, ................................................. , 20......

.............................................................
Clerk of the Court

| | | |
|---|---|---|
| Name | **HOFELD AND SCHAFFNER** | Date of service: .................................., 20...... |
| Attorney for | PLAINTIFFS | (To be inserted by office on copy left with |
| Address | 30 N. LaSalle Street | defendant or other person) |
| City | Chicago, IL 60602 | |
| Telephone | (312) 372-4250 | |
| Attorney No. | 24667 | |

DOROTHY BROWN, CLERK OF CIRCUIT COURT

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Please Serve:**

SSC Westchester Operating
Company, LLC d/b/a Westchester
Health and Rehab Center
c/o C T Corporation System, **Registered Agent**
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

| | | |
|---|---|---|
| 2120 – Served | 2121 - Served | |
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served by Mail | 2321 – Served By Mail | |
| 2420 – Served by Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS SUMMONS | |



*006904 14*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| NINEVA OGLESBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2012 L 005774 |
| | ) | |
| SSC WESTCHESTER OPERATING | ) | Please Serve: |
| COMPANY, LLC d/b/a WESTCHESTER | ) | **Please See Reverse Side** |
| HEALTH AND REHAB CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | **SUMMONS** | |

To each defendant:

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, and pay the required fee, in the office of the Clerk of this Court at the following location: Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**MAY 29 2012**

WITNESS, ............................................., ...........

..................................................................
Clerk of the Court

| | | |
|---|---|---|
| Name | **HOFELD AND SCHAFFNER** | |
| Attorney for | PLAINTIFFS | Date of service: ....................................... |
| Address | 30 N. LaSalle Street | (To be inserted by office on copy left with |
| City | Chicago, IL 60602 | defendant or other person) |
| Telephone | (312) 372-4250 | |
| Attorney No. | 24667 | |

SEAL

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**Please Serve:**

SSC Westchester Operating
Company, LLC d/b/a Westchester
Health and Rehab Center
c/o C T Corporation System, **Registered Agent**
208 S. LaSalle Street, Suite 814
Chicago, IL 60604